Denio, Ch. J.
In the view we take of this case, it will not be necessary to decide whether an agreement by an owner of real estate, to allow another person the option to purchase it within a fixed period, upon definite terms, would be enforced specifically in equity,.if the evidence of such arrangement was committed to writing, according to the requirements of the statute of frauds; for we are of the opinion that the agreement in this case is in that respect, fatally defective. The writing contains all the requisites to a complete contract of the nature referred to, that is, of an agreement by the defendant to sell the lots to the plaintiff, if he should elect within the time mentioned to purchase them, except a statement of the time or times within which the purchase price should be paid. This *156 part of the agreement was suffered to rest in parol, and was referred to in the paper signed by the defendant as “.the terms as specified.” This reference was to a parol agreement made simultaneously with the signing of the written instrument, in which the minds of the parties met upon the point left unexplained in that instrument; and the question is, whether a parol agreement, thus referred to in a written contract, is made parcel of the contract, so as to satisfy the statute of frauds. It must be kept in mind that the part of the agreement existing in parol is just as necessary to the plaintiff as the portion which was committed to writing. He does not offer to pay for the land presently, and would not, so far as we know, desire to avail himself of the contract if such were its effect. At all events, he cannot maintain this suit except upon the footing of a contract, by which time was to be given for the payment of the greater portion of the price of the land. If he had chosen to waive the stipulations respecting credit, and to consider the price as payable immediately, or within the three months mentioned in the paper, and had offered performance accordingly, a different question would have been presented, which it is not now necessary to consider. A case to be presently mentioned appears to hold, that even under such circumstances, the agreement would not be enforced.
I think the parol evidence which the judge received, but finally rejected, would have been admissible, if the case had arisen under an agreement not required by statute to be in writing. An express reference by the terms of a written instrument to a parol contract, whether made before, or at the same time, would not require the exclusion of such verbal contract, under the rule that a written instrument merges all parol stipulations made at the same time on the same subject. The reference in the paper to the engagements which were allowed to rest in parol would take the case out of that rule. But the present is a contract which the statute declares shall be void, unless it, or some note or memorandum thereof expressing the consideration, be in writing, and be subscribed by the vendor of the land or his lawfully authorized agent (2 R. S., *157 135, §§ 8, 9). It is the obvious sense of the enactment that all the material parts of such a contract should be embraced in the writing. The policy which the act is intended to enforce, arose out of a distrust of oral testimony, by which it was supposed that contracts to sell land, among some other arrangements, might be falsely set up, or, when actually made, might be perverted or changed by fraud, perjury, or mistake. But if any of the material terms of the bargain could be left out of the writing and be supplied by parol, the greater part of the mischief intended to be guarded against would remain. Thus if, as in this case, the terms of payment were the only portions of the contract depending upon verbal testimony, they might be so stated as materially to diminish the value of the bargain to the vendor: and so it might be proved to have been agreed, as here it probably was agreed, that a sum of money which, when advanced to the vendor, was applied on another account, should be made to represent a part of the purchase price of the land, and thus virtually to diminish the amount of the purchase-money named in the writing, There would seem, it is true, to be a stronger reason for receiving the parol portion of the bargain where the writing expressly refers to it, as it does here; but the statute is addressed to the courts and cannot be dispensed with by the consent of parties. They can, if they please, perform a contract, though there is no such evidence of it as the law would require if it were disputed; but, where the question is as to its having ever been made, no evidence can be received except such as the law requires. If a reference in a writing to a verbal agreement would let in that agreement, where the subject was one which the statute required to be in writing, it would be sufficient for parties desiring to avoid the trouble of reducing their bargains td writing, to sign a statement that they had contracted verbally respecting a given subject, and they would thus dispense with the statute. These views seem also to be well settled by authority. Mr. Blackburn in his treatise on Sales, after reviewing the English cases up to that time, states the doctrine as follows: “If the reference (in a written statement). is to something verbal, or ultimately to *158 a writing, through the medium of something verbal, the common law would take the whole together as showing what the contract is; but as one link in the evidence is not in writing, it will not in general operate as a memorandum in writing to take the ease out of the statute” (p. 49). And in another place, the same writer speaking of cases where the name of one of the parties does not appear in the written, contract, states the rule thus: “ When the party is not designated at all, it is on the face of it defective, as containing only part of a "contract; so that it is apparent that the agreement between the parties must have been partly not reduced to writihg at all; when that is the case, the common law allows the contract to be proved by the writing and by parol, so that the writing shows the terms of the contract, and the parol shows with whom it was made. The statute, however, is not satisfied; for, though the bargain is shown, it is not in writing ” (p.-56). The first of these extracts was repeated with approbation by Baron Bramwell, and applied by the Court of Exchequer Chamber in Bailey v. Fitzmaurice (8 Ell. & Blackb., 664). That case was an action on a contract for the sale by the plaintiff to the defendant of certain leasehold premises, which contract was alleged to have been made by an agent of the defendant, on his part. The defendant, after considerable negotiation, had written a letter to the plaintiff, in which, referring to the agent, he said, “ What he has done for me I know not, but of course I will support him in all he has done for me,” &c. One view of the evidence was that a material branch of the contract was made out by a verbal communication between ■ the plaintiff and the defendant’s agent. If that feature' of it was not established in that way, it was not shown at all. It was held that there was either no -agreement as to the point referred to, or, if there was, that the writing did not contain it. The case of Davis v. Shields, decided in the late Court of Errors (26 Wend., 841),- is in point to show that where the written contract for the purchase of personal property is complete, except a statement of the term of credit, that cannot be supplied by parol so as to satisfy the statute of *159 frauds. Tn that case, as in the present, a period of credit was actually stipulated for, but the writing did not mention it, and the contract was for that reason held void, as hot satisfying the statute, though the vendee offered to waive the credit and pay the price at once. I have referred indiscriminately to cases arising under the branch of the statute which relates to the sale of goods, and to those under the sections more immediately relied on by the defendant. There is not, as I think, any difference between them so far as the present question is concerned.
We are not referred by the plaintiff’s counsel to any case or dictum, in support of the position that a contract required to be in writing by the statute of frauds may be partly in writing and partly by parol, and we think there are not any such.
We conclude that the Supreme Court did not commit any error in holding that the plaintiff could not prevail. There must be a judgment of affirmance.
Allen, J.
The statute of frauds declares that every contract for the sale of any land, or any interest in land, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the sale is to be made. (2 R. S., 135, § 8.) Without considering whether the paper writing relied upon by 'the plaintiff is an agreement on the part of Weeks, or simply a proposition not accepted by the plaintiff, and therefore not obligatory upon the signer, under any circumstances, I prefer to rest the decision of the cause upon the insufficiency of the writing, in form, under the requirements of the statute of frauds.. In cases not within the statute, parol evidence may be admissible, in aid of written agreements, and to give effect to them, when it would not be admissible in respect to contracts required by the statute ,to be in writing. In the one case, the writing is essential to the validity of the contract, and is matter of substance, while in the other, it is but the memorial or evidence of it, adopted, by the parties, for their convenience; and the admissibility or effect of parol *160 evidence concerning it, depends whplly upon the rules of evidence; and the contract, whether in writing or verbal,'or partly written and partly verbal, is valid, when established by competent testimony of any kind; so that the adjudications, in actions upon contracts not within the statute concerning the admissibility of parol evidence, do not aid us, in passing upon cases arising under the statute. The statute was passed to prevent fraud and perjury, in the establishment of fictitious or misrepresented contracts; and its object can only be effected by requiring not only the fact that such contract was made to be evidenced by writing, but that the contract itself, the entire agreement with all its terms and conditions, shall be in writing, Fraud and perjury may be as successful and as dangerous in interpolating or misrepresenting terms and conditions, as in describing the parties or subject matter of a contract. Hence, our statute requires the contract, or some memorandum expressing the consideration, to be in writing. It does not prescribe any particular form of words; but it does make the writing of the essence of the contract, and requires an agreement for the sale of lands to be written, and in such terms that it can be ascertained, to a moral or reasonable certainty, what the parties mean. If the agreement be vague and indefinite, so that the full intention of the parties cannot be collected from it, it cannot be said that the contract is in writing, and it is therefore void. If the parties have used abbreviations or technical terms, or terms of trade, evidence may be given, by parol, to show what meaning such abbreviations and terms had acquired, by usage and custom, but not in what sense the parties used them. (Cross v. Eglin, 2 Barn. & Ad., 106; Salmon Falls Man. Co. v. Goddard, 14 How. U. S., 446.) So an agreement need not be perfect by itself. It may be made certain and definite, and thus valid, under the statute, by reference to another writing, as well as by incorporating the entire contract in one paper. But the reference must be to another paper, and so distinct as to make that paper a part of the contract itself. (Kenworthy v. Schofield, 2 Barn. & Cres., 945.) The parties cannot unite two papers, so as to make them unitedly const! *161 tute a valid contract, unless'they are physically joined, or the intention to unite them appears on the face of the papers. If the connection between two papers depend upon verbal testimony, or if the reference in the written memorandum is to something verbal, the whole evil intended to be remedied by statute will be experienced. The writing being only one link in the chain of evidence to establish the contract, the contract is not in writing, and the case is not taken out of the statute. Judge Holroyd, in Kenworthy v. Schofield (supra), says: “It appears to me, that you cannot call that a memorandum of a bargain, which does not contain the terms of it.” It was decided, as early as 1804, in Wain v. Warlters (5 East., 10), that a writing could not be a memorandum of an agreement, unless it contained the whole agreement,— that is to say, the parties and the consideration and the subject matter, as well as the promise,—and this is now well established as law.- It was then held that the word agreement, in the statute, included not only the promise, but the consideration for it; and that parol evidence could not be given of the consideration of a promise, which, upon the face of the written engagement, was a nudum pactum. Our statute in terms requires the consideration to be expressed. If the consideration and promise cannot both be ascertained with precision, from the writing, the agreement will not satisfy the requisitions of the statute. (Abeel v. Radcliffe, 13 J. R., 297; Dodge v. Lean, id., 508; Baptist Church v. Bigelow, 16 Wend., 30.) A covenant in a lease to let the lot at the expiration of the term to the lessee, is void for uncertainty, as not expressing the term or rent, upon the principle that every contract in writing, under the statute of frauds, must be certain in itself, or capable of being made so by reference to something else, whereby its terms can be ascertained with reasonable precision. (Abeel v. Radcliff, supra.) When the subject matter of the contract is not so described that it can be ascertained from the written memorandum, it is void. (Rollin v. Pickett, 2 Hill, 552; Bayley v. Fitzmaurice, 8 E. & B., 664.) When the writing is ambiguous, as to the consideration, it cannot be explained by parol. (Weed v. Clarke, *162 4 Sandf. S. C., 31.) Parol evidence cannot be given to explain an ambiguity or supply omissions or imperfections in the written agreement, when the contract is required to be in writing. (Cross v. Eglin, supra.) The contract relied upon by the plaintiff must stand or fall by itself. Construction and effect must be given to it, per se, and without the aid of extrinsic evidence. There were terms upon which the conveyance was to be made, or for the payment of the purchase money, which 4 were not stated in the memorandum; and, in order to a. specific performance of the agreement, these terms are tó be ascertained ; and, as they cannot be spelled out from the paper writing, it follows that the agreement is void, and cannot be enforced by the court. Looking at the paper alone, we are compelled to say, either that there was no perfect agreement made between the' parties, or they have failed to make a peifect memorandum of it; and either view is fatal to the plaintiff.' It is possible that the sale and conveyance of the property was “ upon the terms as specified; ” that is, upon some terms, or subject to some conditions, which do not appear; or, it mtiy be that the terms related to the payment of the purchase money, the consideration of the undertaking of Weeks, and which should have appeared by the memorandum. If it was certain that the terms only related to the payment of the $6,500, still, the terms not being stated, the contract must fail. The words cannot be rejected. They are a part of the memorandum made by the parties, and effect must be given to them; and giving effect to them leaves the contract ambiguous, and therefore void. The judgment must be affirmed, with costs.
All the judges concurring,
Judgment affirmed.